UNITED STATES of America,
Plaintiff–Appellee

v.

Felipe YANEZ–ESTRADA,
Defendant–Appellant.

No. 14–2989.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 6, 2015.

Filed: Feb. 9, 2015.

Dan Chatham, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff–Appellee.

E. Daniel O'Brien, Cedar Rapids, IA, for Defendant–Appellant.

Felipe Yanez–Estrada, Waverly, IA, pro se.

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

PER CURIAM.

Felipe Yanez–Estrada directly appeals the sentence imposed by the district court.[1] In a brief filed under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

---

1. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

L.Ed.2d 493 (1967), counsel argues that Yanez's sentence was substantively unreasonable.

After careful review, this court affirms. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir.2009) (en banc) (this court reviews sentence under deferential abuse-of-discretion standard). Yanez's sentence was not substantively unreasonable, as the district court identified relevant sentencing factors, did not commit a clear error of judgment in weighing the factors, and sentenced Yanez at the bottom of his correctly calculated Guidelines range. *See United States v. Salazar–Aleman*, 741 F.3d 878, 881 (8th Cir.2013) (outlining substantive-reasonableness test); *United States v. Rubashkin*, 655 F.3d 849, 869 (8th Cir.2011) (sentences within Guidelines range are presumed to be substantively reasonable); *Feemster*, 572 F.3d at 464 (substantive review is narrow and deferential to sentencing court).

An independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), reveals no nonfrivolous issues for appeal. This court notes that any claim for a sentence reduction based on Guidelines Amendment 782, *see* U.S.S.G. Supp.App. C Amend. 782 (Nov. 1, 2014) (reducing base offense level for 10,000–30,000 kilograms of marijuana to 34), should be raised in a sentence-reduction motion filed in the district court. *See* 18 U.S.C. § 3582(c)(2) (permitting sentence reduction based on retroactive Guidelines amendment).

The judgment is affirmed. Counsel's request to withdraw is granted.